UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DETRICA D. WILLIAMS,**

    **Plaintiff,**

  v.　　　　　　　　　　　　　　　Civil Action 2:23-cv-1949
　　　　　　　　　　　　　　　　　　Judge Sarah D. Morrison
　　　　　　　　　　　　　　　　　　Magistrate Judge Chelsey M. Vascura

**GOLDMAN SACHS BANK, USA,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Detrica D. Williams, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Goldman Sachs Bank, USA, arising out of a summary judgment order issued in Goldman Sachs's favor in the Court of Common Pleas for Franklin County, Ohio. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs

and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims she advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

Plaintiff's Complaint alleges that Goldman Sachs commenced a civil action against her in the Court of Common Pleas for Franklin County, Ohio, to collect outstanding loan payments, which culminated in the state court granting summary judgment against Plaintiff. Plaintiff alleges that Goldman Sachs's commencement of a civil action violated an agreement between the parties that required any disputes to be arbitrated. (Compl., ECF No. 1-1.) Plaintiff seeks "reversal of summary judgment and the enforcement of arbitration according to the agreement." (*Id.* at 4.)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained

in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In this case, Plaintiff's claims concerning her loan agreement with Goldman Sachs and the summary judgment entered by the state court as to that agreement pertain squarely to state law and do not arise under federal laws or the United States Constitution. *See, e.g., Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) ("[T]he

interpretation of private contracts is ordinarily a question of state law[.]").[1] Nor has Plaintiff alleged that she and Defendants are citizens of different states or that the amount in controversy exceeds $75,000. Indeed, review of the state court docket reveals that judgment was entered against Plaintiff in the amount of $23,259.10. (Franklin County Case No. 23CV925, Judgment Entry, May 30, 2023.) Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has subject-matter jurisdiction over her claims.

Further, to the extent Plaintiff is attempting to overturn the summary judgment order entered by the state court, a doctrine known as *Rooker-Feldman* limits this Court's ability to adjudicate such claims. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. Thus, to the extent Plaintiff is attempting to appeal from the state court's entry of summary

---

[1] The fact that the agreement in question contained an arbitration provision does not itself confer federal question subject-matter jurisdiction under Federal Arbitration Act. *See Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009).

4

judgment, this Court lacks jurisdiction over these claims pursuant to the *Rooker-Feldman* doctrine.

For these reasons, it is recommended that the Court dismiss this action pursuant to § 1915(e)(2).

### III. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE